JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01985-DOC-AGRDate: June 5, 2024

Title: MICHAEL D. ZUNIGA V. CENTURION CONSULTING SERVICES, LLC

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

For the reasons explained below, the Court **REMANDS** this case San Bernardino County Superior Court.

## I.Background

Plaintiff brings this action against Defendant Centurion Consulting Services, LLC ("Defendant") on behalf of himself and other class members to recover alleged unpaid wages, restitution, and related relief. Notice of Removal ("Notice" or "Not.") (Dkt. 1) Ex. 3 ¶ 2 (Dkt. 1-2) ("FAC"). Plaintiff alleged rest and meal period violations, failure to pay minimum wage and overtime wages, failure to reimburse for business expenses, failure to provide accurate wage statements, failure to pay final wages upon separation of employment, and failure to provide paid sick leave. *See id.* ¶ 1.

Plaintiff originally filed suit in the Superior Court of California, County of San Bernardino on June 5, 2023. Notice Ex. 1 (Dkt. 1-1). Plaintiff filed their First Amended Complaint on July 23, 2023. *See generally* FAC. On September 22, 2023, Defendant removed the action to this Court, asserting federal question and diversity jurisdiction. Notice ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01985-DOC-AGR                                            Date: June 5, 2024
                                                                                                                                    Page 2

## II.      Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Plaintiff's choice of forum is entitled to great deference that cannot be overcome by a defendant reading a federal question into a state law claim. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."). The federal question must be an integral part of the plaintiff's cause of action, well-pleaded on the face of the plaintiff's complaint. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 154 (1908).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01985-DOC-AGR　　　　　　　　　　　　　　　　　　　Date: June 5, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

　　　A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

　　　While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

　　　If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01985-DOC-AGR         Date: June 5, 2024
                                                                  Page 4

### III.  Discussion

Defendant has not met its burden in showing the existence of a federal question. Here, Plaintiff's First Amended Complaint alleges purely state law claims, seeks remedies under state law, and does not even make an incidental reference to federal law. *See generally* FAC. Defendant contends that Plaintiff "artfully pled" the Complaint so as to purposefully avoid raising a federal cause of action on the Complaint's face. Not. ¶ 16. Defendant references "laws promulgated by the Department of Transportation" and that Defendant's business involves interstate commerce to argue that the state law claims raise a federal issue. *Id.* ¶ 17. However, they do not specify what these federal transportation laws are. *Id.* Defendant also mentions that there is complete preemption when congressional legislation completely preempts a state law cause of action, but again fails to explain what congressional legislation is relevant here. *Id.* ¶ 16. The Court therefore finds it lacks federal question jurisdiction over this case.

Further, Defendant has not met its burden to show that the amount in controversy requirement is satisfied to establish diversity jurisdiction. The Court considers lost wages in the period from termination until removal. Here, the amount in controversy is not facially apparent from the complaint itself and Defendant does not provide any monetary estimate as to the value of the claims. Not. ¶ 19; *see generally* FAC. Defendant attempts to establish that the amount in controversy exceeds the $75,000 threshold by citing the number of Plaintiff's causes of action, but its estimates are purely speculative. *See id.* Plaintiff seeks judgment against Defendant an amount for: compensatory, consequential, and statutory damages; penalties, attorney's fees, and costs; prejudgment interest on unpaid minimum wages; statutory penalties; resitutiton of wages; restitution for unfair practices; injunctive relief; punitive and exemplary damages. FAC at 25-26. Defendant asks the Court to include these costs to reach the jurisdictional threshold. Not. ¶ 19.

This Court, however, does not include these types of speculative damages or civil penalties when calculating the amount in controversy. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011 (9th Cir. 2010) (recognizing that front pay is speculative); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendant has not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 5:23-cv-01985-DOC-AGR                                                                                               Date: June 5, 2024
                                                                                                                                                   Page 5

      The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

      Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

## IV.    Disposition

      For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of San Bernardino, California. The Status Conference set for June 10, 2024 is hereby VACATED and removed from the Court's calendar.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                                       Initials of Deputy Clerk: kdu
CIVIL-GEN

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.